# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

IN RE TECH READY MIX, INC..
*Debtor*

CASE NO. 26-10413
JUDGE PRICE SMITH
CHAPTER 11

**RESPONSE IN OPPOSITION OF TECH READY MIX, INC. TO MOTION OF PERK COMPANY, INC. FOR RELIEF FROM STAY]**

Tech Ready Mix, Inc., as both the debtor and debtor-in-possession ("Debtor"), opposes

the Motion of Perk Company, Inc. for Relief from Stay [Doc. 29] ("Perk" and "Motion").

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b), and General Order 2012-7 of the United States District Court for the Northern District of Ohio. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. In the Motion Perk seeks relief from the automatic stay for failure to make mortgage payments on a mortgage loan against the Debtor's condominium at 7016 E Sunview Dr, Lakeside Marblehead, OH 43440. ("Condo") that Perk acquired for an undisclosed sum from The Huntington National Bank in July 2025. The Condo is necessary to an effective reorganization as there is substantial equity in it, and Perk is not entitled to relief from stay. 11 U.S.C. § 362(d)(2)(b).

3. 11 U.S.C. § 362(d) provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization;

4. 11 U.S.C. § 362(g) provides:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

5. Perk therefore must show that there is no equity in the Condo before it is entitled to relief from stay

6. The Debtor has filed a motion to employ a real estate broker who has suggested listing the property for $1.7 million [Doc. 28]. The Debtor has scheduled the Condo with a fair market value of $1.5 million [Doc. 1] p. 11.

7. In its Motion Perk argues that the property is worth "no more than $1.1 million." It is difficult to determine how Perk arrived at this number as it cites several sources, including websites such as Zillow and Trulia, the county auditor's valuation, and the valuation of the Condo in the foreclosure complaint. However, all of these sources show a value for the Condo well in excess of the $1.1 million claimed by Perk.

8. First, the Zillow valuation appears to be cherry picking on the part of Perk. There were two valuations given for the address of the Condo; one cited by Perk for approximately $1.027 million, but another for $1.469 million that is attached as exhibit A. Similarly, when counsel searched Trulia for a value he received the result of $1.469 million which is attached as exhibit B. Realtor.com suggests a fair market value of $1.667 Million as set forth on exhibit C. All of these sites are just estimates based on nearby sales. Therefore, neither the Zillow nor Trulia methods can be considered an accurate estimate of the Condo's value, and in any event do not establish a value anywhere near the $1.1 million claimed by Perk.

9. The county auditor's valuation attached as exhibit D shows that the Condo is worth $1.359 million. The appraisal in the foreclosure complaint attached to Perk's Motion

shows a value of $1.2 million. In undersigned counsel's experience, both the county auditor valuations and foreclosure valuations tend to be very low. But in any case both of these values are in excess of $1.1 million. Perk has therefore failed to establish even a prima facia case that it is entitled to relief from stay based on the lack of equity in the Condo.

10. Furthermore, Perk holds the first mortgage against the property. Except for the $44,000 in real estate taxes owed on the condo, there is no superior lien to Perk's position. There is one junior mortgage cited by Perk held by the United States of America Small Business Administration ("SBA"). The SBA is owed approximately $600,000. Furthermore, the amount owed to the SBA is also secured by a blanket security interest against all assets of the Debtor. The Debtor has scheduled an employee retention tax credit ("ERC") in the amount of $860,000 which is more than sufficient to fully secure the SBA's lien interests. Therefore, the actual equity in the Condo is more than $350,000 even allowing Perk its alleged claim of $851,394.87, and its valuation of $1.1 million. Perk has failed to show a lack of equity in the Condo for the estate.

11. Perk has a substantial equity cushion in the Condo; where there is a substantial equity cushion there is no need for further adequate protection[1].

> A 20% cushion has been held to be an adequate protection for a secured creditor. *See In re McGowan,* 6 B.R. 241, 243 (B.Ct.E.D.Pa.1980) [holding a 10% cushion is sufficient to be adequate protection]; *In re Rogers Development Corp.,* 2 B.R. 679, 685 (B.Ct.E.D.Virg.1980) [court decided that an equity cushion of approximately 15% to 20% was sufficient adequate protection to the creditor, even though the debtors had no equity in the property.]; *In re Breuer,* 4 B.R. 499, 501 [creditor protected by equity cushion of $21,000 despite fact that debtor lacked equity in the property.]
>
> *In re Mellor*, 734 F.2d 1396, 1401 (9th Cir. 1984), *see also In re Indian Palms Assocs., Ltd.*, 61 F.3d 197 (3d Cir. 1995).

---

[1] While any increase in Perk's principal balance would come at the expense of the SBA, that is the SBA's argument to make and not Perk's. As set forth above the SBA has other assets securing its lien position. Therefore, Perks equity in the Condo should be determined solely by the value of its lien interest against the fair market value of the Condo.

12.      The only lien ahead of Perk on the Condo is for real estate taxes which are $43,674.15 for 2024 (due and payable in 2026); Perk claims to be owed $851,394.87 and therefore Perk has an equity cushion of $204,930.98 or 24%. The following table shows that as the value of the Condo is considerably in excess of $1.1 Million, Perk's equity cushion is in fact even greater:

| $ | 1,354,000.00 | 53.9% |
|---|---|---|
| $ | 1,469,000.00 | 67.4% |
| $ | 1,500,000.00 | 71.1% |
| $ | 1,700,000.00 | 94.5% |

13.      Even on its own values Perk is not entitled to further adequate protection from the Debtor.

14.      Finally Perk's claim that it is owed $851,394.87 appears to be overstated. Of that amount $87,755.55 is described as "legal fees." While the loan documents attached to Perk's Motion provide for the allowance of an "reasonable attorney fees;" over $87,000 in fees for a foreclosure on a loan of $695,000 is simply not reasonable and not allowable under the loan documents.

15.      The Debtor has insurance on the Condo.

16.      The transfer referenced by Perk was reversed. There was no fraudulent transfer of the property, only the Debtor correcting what could have been a fraudulent transfer. In any case the transfers did not affect Perk's mortgage as it was prior to any transfer[2], the Debtor has never contended that the foreclosure against the Condo failed due to improper service.

Therefore, Tech Ready Mix, Inc., requests that the Court deny the Perk Company, Inc. for Relief from Stay.

Respectfully submitted,
/s/ Frederic P. Schwieg, Esq.

---

[2] The transfer back to the Debtor was in fact done on June 27, 2025, although it was not recorded until November 25, 2025 due to issues regarding the transfer taxes.

Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
19885 Detroit Rd. 3239
Rocky River, OH 44116
(440) 499-4506
fschwieg@schwieglaw.com
Attorney for Debtor

Respectfully submitted,
/s/Thomas W. Coffey

Thomas W. Coffey (0046877)
Coffey Law LLC
2430 Tremont Avenue
Cleveland, OH 44113
(216) 870-8866
tcoffey@tcoffeylaw.com
Interim Co-Counsel for the Debtor

## CERTIFICATE OF SERVICE

I hereby certify on the date filed that a copy of the foregoing Response was served **electronically** Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List::

Anthony J. DeGirolamo on behalf of Creditor C.A.J. Properties Inc.
tony@ajdlaw7-11.com, amber@ajdlaw7-11.com;G23630@notify.cincompass.com

Anthony J. DeGirolamo on behalf of Creditor Nosan Trucking LLC
tony@ajdlaw7-11.com, amber@ajdlaw7-11.com;G23630@notify.cincompass.com

Anthony J. DeGirolamo on behalf of Creditor Perk Company Inc.
tony@ajdlaw7-11.com, amber@ajdlaw7-11.com;G23630@notify.cincompass.com

Anthony J. DeGirolamo on behalf of Creditor Anthony Cifani
tony@ajdlaw7-11.com, amber@ajdlaw7-11.com;G23630@notify.cincompass.com

Milos Gvozdenovic on behalf of Creditor First Citizens Bank & Trust Company
mgvozdenovic@weltman.com, ecfndoh@weltman.com

Joseph D. Mando on behalf of Creditor Building Material Drivers Local 436 Pension Fund
mando@fhplaw.com, linda@fhplaw.com

Frederic P. Schwieg on behalf of Debtor Tech Ready Mix, Inc.
fschwieg@schwieglaw.com

Jonathan Sobel on behalf of Creditor Building Material Drivers Local 436 Pension Fund
sobel@fhplaw.com

Joshua Ryan Vaughan on behalf of Creditor Ohio Department of Taxation
jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;HouliECF@aol.com

Amy Good ust08 on behalf of U.S. Trustee United States Trustee
amy.l.good@usdoj.gov

/s/ Thomas W Coffey

Thomas W. Coffey, Esq.

⟨ **Back to search**     **Zillow**®    ♡ Save    ⬆ Share    ∘∘∘ More

● Off market

 **Zestimate**®
# $1,469,400
7016 E Sunview Dr, Lakeside Marblehead, OH 43440

**6** beds    **6** baths    **5,613** sqft

Est. refi payment: **$9,106/mo**    ⑤ **Refinance your loan**

| | | |
|---|---|---|
| 🏢 Condo | 🔨 Built in 2007 | ⚖ -- sqft lot |
|  $1,469,400 Zestimate® | 📊 $262/sqft | 🌿 $4,012 Estimated rent |

## Home value

Zestimate®
## $1.469.400



OFF MARKET

### 7016 E Sunview Dr

Lakeside Marblehead, OH 43440

**$1,469,400**

Trulia Estimate ⓘ

as of Mar 4, 2026

Est. Refi. Payment $8,458/mo*

💲 **Refinance Your Home**

🛏 6 Beds

🛁 7 Baths

📐 5,613 sqft

## Homes for sale near 7016 E Sunview Dr

  

**$549,900** ↓

🛏 **3** bd 🛁 **3** ba 📐 **2,347** sqft

2782 S Waterside Ct #192, Lakeside Marblehead, OH 434...

KELLER WILLIAMS CITYWIDE-PC

**$469,900** ↓

🛏 **3** bd 🛁 **2** ba 📐 **1,326** sqft

2564 S Waterside Ct #221, Lakeside Marblehead, OH 434...

COM LINK REALTY

**$475,000**

🛏 **3** bd 🛁 **2** ba 📐 **1,326** sqft

2735 S Harbor Bay Dr #1132, Lakeside Marblehead, OH 434...

COM LINK REALTY

**$525,000**

🛏 **2** bd 🛁 **2** ba 📐 **1,330** sqft

6005 E Harbor Rd #1B, Marblehead, OH 43440

HOWARD HANNA - PORT CLINTON

## Local Information

| Map | Schools | Shop & Eat |



## 7016 E Sunview Dr Unit 12, Marblehead, OH 43440

Off Market

**6** bed   **5.5+** bath   **7,398** sqft   **0.3** acre lot

**Single Family**
Property type

**2007**
Year built

**$974.5K in 2015**
Last sold

**2 Car**
Garage

View as owner   Share

Get Up To 4 Free Moving Quotes

## Interested in selling 7016 E Sunview Dr Unit 12?

### Estimated value*

# $1,667,000

*Estimation is calculated based on tax assessment records, recent sale prices of comparable properties, and other factors.

[ See your offers ]

### Connect with an agent

Get connected with an agent to find out what your home is worth and stay informed about how you can sell your home.



[ Find my agent ]

---

## 🏠 Property details ⌃

  [Veterans $75,000 Home Giveaway. See Off. Rules](#)

### 🛋 Interior

**Bedrooms**
- Bedrooms: 6
- Bedroom 2 Dimensions: 13.60 X 15.10 Level: 2 Nd Floor
- Bedroom 3 Dimensions: 14 X 17 Level: 2 Nd Floor
- Bedroom 4 Dimensions: 33 X 22 Level: 2 Nd Floor
- Bedroom 5 Dimensions: 14 X 15 Level: 2 Nd Floor
- Primary Bedroom Sqft: 510

Show more ⌄

**Find out more about this property.** [ Contact agent ]

**Local Home Services**

Advertisement

**Financial Services**

LAST CHANCE! US Military & Veterans $75,000 Home Giveaway. See Off. Rules
ENTER NOW

Presented By


26-10413-jps    Doc 53    FILED 03/18/26    ENTERED 03/18/26 09:35:03    Page 10 of 11

**Volume / Page**
2060 / 296

## Owner

**Contact**
TECH READY MIX, INC
7509 ROLLINGBROOK TRL
SOLON OH 44139-5155

**Owner Name**
TECH READY MIX, INC

## Taxpayer

**Contact**
TECH READY MIX, INC
7509 ROLLINGBROOK TRL
SOLON OH 44139-5155

## Values

**Land Use**
550-CONDOMINIUM RESIDENTIAL UNIT

|  | Appraised | Assessed |
|---|---|---|
| **Land** | 400,950 | 140,330 |
| **Improvement** | 958,510 | 335,480 |
| **Total** | 1,359,460 | 475,810 |
| **CAUV (N)** | 0 | 0 |
| **Homestead (N)** | 0 | 0 |
| **Owner Occupancy (N)** | 0 | 0 |
| **Taxable** | 1,359,460 | 475,810 |

26-10413-jps    Doc 53    FILED 03/18/26    ENTERED 03/18/26 09:35:03    Page 11 of 11